IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRYAN JOSEPH LAYTON, § <br> Institutional ID No. 06144600, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARSHA McCLAIN, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:21-CV-122-M-BQ |

## FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE[1]

The Court previously entered an Order to Answer and for Service, requiring, inter alia, Defendant Beltran[2] to answer or otherwise plead to certain claims in Layton's Complaint. ECF No. 17. The United States Marshal (USM) twice attempted to serve Defendant, but to no avail. ECF Nos. 19, 28, 29, 32. The Court has provided Layton the opportunity, over a span of more than two months, to provide Defendant's current address. ECF No. 33 (dated Aug. 16, 2022). Because Layton has not provided a current address for Defendant Beltran, and Defendant has never been served with process, the undersigned recommends that the United States District Judge dismiss all claims against Defendant Beltran without prejudice in accordance with Rule 4(m).

### I.   Procedural History and Background

Layton filed his 42 U.S.C. § 1983 Complaint on May 25, 2021, along with an application to proceed *in forma pauperis* (IFP). ECF Nos. 1, 3. After reviewing Layton's initial request to

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings.

[2] Pro se Plaintiff Bryan Joseph Layton, also known as Mary Kathleen Layton, did not provide a first name for Defendant Beltran. Questionnaire 8, ECF No. 15.

proceed IFP, the Court ordered Layton to produce additional information justifying his IFP request, prior to the Court ruling on his motion. ECF No. 7. In response, Layton submitted supporting documentation. ECF No. 11. Based on the information provided, the Court granted Layton's motion to proceed IFP. ECF No. 12.

Layton was tried and civilly adjudged to be a sexually violent predator (SVP), as defined by Texas Health & Safety Code § 841.003. Upon his release from the Texas Department of Criminal Justice (TDCJ) after completing his criminal sentence, the 435th Judicial District Court of Montgomery County, Texas, committed Layton to outpatient treatment and community supervision. The State of Texas transferred Layton to the Bill Clayton Detention Center in Littlefield, Texas,[3] where he remains confined for inpatient treatment in accordance with the provisions of Texas Health & Safety Code § 841.081.

Layton is confined pursuant to an order of civil commitment; therefore, he is not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening procedures of 28 U.S.C. § 1915A. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (concluding that a civilly committed SVP was not a prisoner within the meaning of the Prison Litigation Reform Act); *Michau v. Charleston Cnty.*, 434 F.3d 725, 727 (4th Cir. 2006) (same); *Allen v. Seiler*, No. 4:12–CV–414–Y, 2013 WL 357614, at *1 n.1 (N.D. Tex. Jan. 30, 2013), *aff'd*, 535 F. App'x 423, 423 (5th Cir. July 12, 2013) (per curiam) (citing *Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007) (per curiam)) (same). Because Layton is proceeding IFP, however, his pleadings are nevertheless subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court reviewed Layton's Complaint, as well as authenticated

---

[3] The Bill Clayton Detention Center is also known as the Texas Civil Commitment Center (TCCC), which is apparently currently operated by Management & Training Corporation (MTC), a private company under contract with the Texas Civil Commitment Office (TCCO), located in Austin.

records from the TCCC and the TCCO, and entered an order directing Layton to complete a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) to further develop his allegations. ECF No. 14. Layton timely completed and returned the questionnaire. ECF No. 15.

On March 11, 2022, the Court ordered, *inter alia*, Defendant Beltran to answer or otherwise plead to Layton's claims under the Equal Protection Clause and First Amendment. ECF No. 17. The Court directed the USM to personally serve process upon Defendant Beltran. *Id.* The USM subsequently filed a return stating it was unable to effectuate service on Defendant Beltran at her last-known address, i.e., the TCCC. *See* ECF No. 29 (reporting the USM returned the summons unexecuted because it was "unable to locate" Defendant Beltran). In an advisory dated April 12, 2022, however, counsel for some of the other appearing Defendants stated that Defendant Beltran is, or was, employed by the TCCO—i.e., she does not work at the TCCC. ECF No. 25. The Court therefore entered a second order directing the USM to personally serve Defendant Beltran at the TCCO in Austin. ECF No. 27. But on August 15, 2022, the USM returned the second summons unexecuted. ECF No. 32 (stating that Defendant Beltran does not work at the TCCO).

The Court thereafter entered an order on August 16, 2022, advising Layton that it had twice attempted to have service perfected on Defendant Beltran, and Layton now bore the responsibility of providing the Court with Beltran's current address. ECF No. 33. Further, the Court admonished Layton that his failure to provide Defendant's address would result in a recommendation that his claims against Defendant Beltran be dismissed. *Id.* at 2. As of the date of these findings, conclusions, and recommendation, Layton has not provided any information concerning Defendant Beltran, nor has he otherwise responded to the Court's order.

Case 5:21-cv-00122-M-BQ   Document 34   Filed 10/24/22   Page 4 of 6   PageID 173

## II.   Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "the court—on motion or on its own after notice to the plaintiff—*must* dismiss" without prejudice claims against any defendant who is not served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m) (emphasis added). Upon a finding of good cause, however, "the court must extend the time for service for an *appropriate period*." *Id.* (emphasis added).

The Court originally directed the USM to serve Defendant Beltran on March 11, 2022 (ECF No. 17), and again on April 15 after the USM returned the summonses unexecuted. *See* ECF No. 27, 29. Thus, Layton has been on notice of the defect in service since April 15, 2022, when the Court advised Layton that the last-known address for Defendant Beltran was not accurate. ECF No. 27.[4] Then, on August 16, the Court ordered Layton to provide Defendant's last-known address within thirty days of the date of the order and cautioned him that his failure to do so could result in dismissal of Defendant Beltran. ECF No. 33. Layton has wholly failed to provide the information or otherwise respond to the Court's order.

More than six months have passed since Layton first became aware of the service defect, and the Court has given him more than two months to cure the defect. Layton's lack of communication concerning Defendant Beltran's whereabouts leads the Court to conclude that he cannot or will not supply the information. Under these circumstances, the undersigned finds dismissal of Defendant Beltran appropriate.

The Court reaches this conclusion despite the fact that the statute of limitations may bar Layton's claims against Defendant Beltran should Layton elect to re-file. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (applying a more stringent standard

---

[4] The USM returned the summons unexecuted as to Defendant Beltran on April 18, 2022. ECF No. 29.

for dismissals that are effectively with prejudice due to the statute of limitations). "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (internal quotation marks and citation omitted); *accord Nottingham*, 837 F.3d at 441. "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs*, 905 F.3d at 844 (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)).

Despite ample time to supply the necessary address, and an extension by the Court well beyond the time period contemplated by Rule 4(m), Layton has not done so. Layton bears final responsibility for accomplishing service of process upon Defendant (*see* Fed. R. Civ. P. 4(c)(1))— as such, the resulting delay is ultimately and solely attributable to Layton. *See Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (observing that because he was proceeding pro se, plaintiff's "recalcitrance [was] attributable to her alone"), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021). This case is ready to proceed past the initial pleading stage, and the appearing Defendants would be prejudiced by further delays. Thus, the undersigned recommends the district judge dismiss Defendant Beltran from this action.

### III. Recommendation

For the foregoing reasons, the undersigned recommends, in accordance with Rule 4(m), that the United States District Judge dismiss without prejudice Defendant Beltran and all claims asserted against her.

5

## IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 24, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE