IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| BRYAN JOSEPH LAYTON, § <br> Institutional ID No. 06144600, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MARSHA McCLAIN, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:21-CV-122-M-BQ |

### FINDINGS, CONCLUSIONS, AND
### RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE[1]

Pro se Plaintiff Bryan Joseph Layton[2] filed this civil-rights action alleging that Defendant Marsha McLane[3] enacted a policy at the Texas Civil Commitment Center (TCCC) that violates his rights under the Equal Protection Clause and First Amendment. ECF No. 1, at 5; ECF No. 15, at 5–11; *see* ECF No. 23. Layton solely seeks injunctive relief concerning the purported constitutional violations. ECF No. 1, at 6.

Now before the Court is Defendant Marsha McLane's Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and brief in support. ECF Nos. 40, 41. McLane argues that she is entitled to qualified immunity and therefore seeks dismissal of Layton's claims. ECF No. 41. Layton filed a response (ECF No. 42), and the motion is now ripe

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order No. 3-251*, this case was automatically referred to the undersigned United States Magistrate Judge for further proceedings.

[2] Layton is a transgender male who identifies as female (*see* ECF No. 15); however, following Fifth Circuit precedent, the Court refers to Layton using masculine pronouns. *See United States v. Varner*, 948 F.3d 250, 255–58 (5th Cir. 2020) ("declin[ing] to enlist the federal judiciary in this quixotic undertaking" of deciphering and applying growing list of preferred gender-dysphoric pronouns, citing the complexity of the subject, lack of congressional action in the area, and questions it potentially engenders concerning judicial impartiality).

[3] The Court relies on the spelling of Defendant's surname as set forth in her Answer and motion. *See* ECF Nos. 30, 40, 41.

for review. Because the qualified immunity defense does not apply to claims for injunctive relief, the undersigned recommends that the United States District Judge **DENY** the motion.

## I. Background

### A. Procedural History

Layton was tried and civilly adjudged to be a sexually violent predator (SVP), as defined by Texas Health & Safety Code § 841.003. Upon his release from the Texas Department of Criminal Justice (TDCJ) after completing his criminal sentence, the State of Texas transferred Layton to the Bill Clayton Detention Center in Littlefield, Texas,[4] where he remains confined for inpatient treatment in accordance with the provisions of Texas Health & Safety Code § 841.081. Layton brings claims under 42 U.S.C. § 1983 arising out of events that occurred during his confinement at the TCCC. *See* ECF Nos. 1, 15.

After screening Layton's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court entered an order requiring Defendants to answer or otherwise plead with respect to Layton's claims under the Equal Protection Clause and the First Amendment. ECF No. 17. As to Layton's Eighth Amendment claims, the undersigned recommended the district judge dismiss them. ECF No. 18. The district judge adopted the undersigned's recommendation. ECF No. 23.

Defendant McLane timely answered the live claims and asserted the defense of qualified immunity. ECF No. 30. Because Defendant McLane raised qualified immunity in her Answer, the Court entered an order[5] directing Defendant McLane to file a dispositive motion relating to the

---

[4] The Bill Clayton Detention Center is also known as the Texas Civil Commitment Center (TCCC), which is apparently operated by Management & Training Corporation (MTC), a private company under contract with the Texas Civil Commitment Office (TCCO).

[5] Following the Fifth Circuit's directive to "determine[] at the earliest possible stage of the litigation" whether a defendant is entitled to qualified immunity, the Court entered a limited scheduling order on the issue. *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (citation omitted); *cf. Rendon v. Edwards*, No. 5:21-CV-00278-C, 2022 WL 16964757, at *1 (N.D. Tex. Nov. 16, 2022) (concluding that because "defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation," defendant who had asserted the defense in answer but not filed a motion to dismiss "must file a motion on the issue of qualified immunity" (citation omitted)).

2

defense (ECF No. 35), to which McLane filed the Rule 12(c) motion now before the Court. ECF No. 40.

### B. Layton's Allegations

According to Layton, he has been diagnosed with gender dysphoria, which "is a clear and established 'serious medical condition.'" Compl. 5, ECF No. 1. Layton alleges that MTC maintains a "blanket policy" that denies him, and other transgender residents, access to sex-reassignment surgery, makeup, gender-affirming clothing, and "gender and name marker changes." *Id.*; Questionnaire 3, ECF No. 15. Layton attributes the creation of this policy to, among others, Defendant McLane. Questionnaire 4, 10. Layton asserts that the policy violates his rights under the Equal Protection Clause and the First Amendment. Compl. 5; Questionnaire 6–9. He sues Defendant McLane in both her official and individual capacities. Compl. 5.

Layton avers that Defendant McLane's purported constitutional violations have caused psychological trauma and depression and have driven him to attempt castration once and suicide twice. *See* Questionnaire 3–14. Layton seeks injunctive relief in the form of a Court order directing Defendant McLane to allow Layton "to pursue . . . Sex Reassignment Surgery as well as initiate a policy that allows Residents that are Transgender the same access to clothing and make-up that the female officers and other staff are allowed to use." Compl. 6.

## II. Legal Standards

### A. Rule 12(c) Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings close but early enough not to delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace,*

*Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *accord Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022).

To survive a motion to dismiss, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (explaining that when evaluating a Rule 12(c) motion, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief" (citation and alteration omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The question is not whether the plaintiff is ultimately likely to prevail but whether the plaintiff has pleaded facts sufficient to support a legally cognizable claim. *Great Plains Tr.*, 313 F.3d at 313 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

"A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Research Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (per curiam) (citation omitted); *see Brown v. Walraven*, No. 92-5243, 1993 WL 503349, at *2 (5th Cir. Nov. 17, 1993) (explaining that a Rule 12(c) "motion is useful when all material allegations of facts are admitted in the pleadings and only questions of law remain"). In evaluating the substance of the pleadings, a court "may rely on the complaint, its proper attachments, [and] documents incorporated into the complaint by reference." *Randall D.*

*Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks omitted).

### B. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil liability to the extent "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (describing standard for evaluating defense of qualified immunity when raised in a Rule 12(b)(6) motion); *accord Templeton*, 28 F.4th at 621 ("Because the officers invoked a qualified immunity defense, the burden shifts to [plaintiff] to show the officers violated his clearly established rights.").

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. *Porter v. Valdez*, 424 F. App'x 382, 386 (5th Cir. 2011) (per curiam) (considering qualified immunity in the context of a Rule 12(c) motion). Under the first prong, a court must decide whether the facts alleged, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson*, 555 U.S. at 236; *see Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (quoting *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019)) (describing the two-part inquiry). Under the second prong, a court must determine whether the constitutional right in question was clearly established at the time of the alleged misconduct. *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether

5

it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

A court may use its "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236; *see Solis*, 31 F.4th at 981 ("The court need not decide the first question before the second, and it may decide the case solely on the basis that the right was not clearly established."). Like a Rule 12(b)(6) motion, courts are limited to reviewing the sufficiency of a plaintiff's pleadings where a defendant asserts the defense of qualified immunity through a Rule 12(c) motion. *See Borsage v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).

### III. Discussion

Defendant McLane alleges that she is entitled to qualified immunity on Layton's Equal Protection and First Amendment claims. ECF Nos. 40, 41. On this basis, Defendant McLane seeks judgment on the pleadings as to the individual capacity claims. ECF Nos. 40, 41. Layton, however, solely seeks injunctive relief in this action. *See* Compl. 6.

Qualified immunity is not a defense to claims for injunctive relief. *Pearson*, 555 U.S. at 242–43 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)); *Striz v. Collier*, No. 20-40878, 2022 WL 1421834, at *1 (5th Cir. May 5, 2022); *Johnson v. Epps*, 479 F. App'x 583, 591 (5th Cir. 2012) (per curiam); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991). Thus, the Court need not engage in a qualified immunity analysis because the defense is unavailable.[6] *See, e.g., Ioannides v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. H-09-1988, 2009 WL 10680362, at *3 (S.D. Tex. Dec. 2, 2009) ("Because [plaintiff]

---

[6] In her motion, Defendant McLane does not acknowledge the fact that Layton seeks only injunctive relief, nor does she provide any authority supporting her position that qualified immunity would bar Layton's specific claim for injunctive relief. ECF Nos. 40, 41.

6

seeks injunctive relief, and not solely damages, under § 1983, it is unnecessary for the [c]ourt to engage in the three-step qualified-immunity analysis."); *Rodriguez v. City of Laredo*, No. 5:06-cv-175, 2007 WL 2329860, at *2 (S.D. Tex. Aug. 13, 2007) (finding defendant's "invocation of qualified immunity . . . of no consequence," where plaintiff sought "only declaratory relief").

## IV.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Defendant McLane's Rule 12(c) motion on the basis of qualified immunity. ECF No. 40.

## V.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May __11__, 2023.

                                              D. GORDON BRYANT, JR.
                                              UNITED STATES MAGISTRATE JUDGE